**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tanya Winters, | No. CV16-3542 PHX DGC |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona, | |
| Defendant. | |

Plaintiff Tanya Winters filed an amended complaint against the State of Arizona on November 28, 2016 (Doc. 8), pursuant to the Court's Order (Doc. 7).  The Court will screen Plaintiff's First Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2).  Plaintiff has also filed a motion to appoint pro bono counsel.  Doc. 10.  For the reasons stated below, the Court will dismiss the amended complaint and deny the motion to appoint pro bono counsel.

I.    **Legal Standards.**

In IFP proceedings, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief can be granted[.]" 28 U.S.C. § 1915(e)(2).  Although much of § 1915 concerns prisoner litigation, § 1915(e) applies to all IFP proceedings.  *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc).  "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."  *Id*. at 1127. A district court dismissing under this section "should grant leave to amend even if no

1  request to amend the pleading was made, unless it determines that the pleading could not

2  possibly be cured by the allegation of other facts." *Id*. at 1127-29 (citations omitted).

3         Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that

4  states a claim for relief must contain . . . a short and plain statement of the claim showing

5  that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  This short and plain statement

6  "need not contain detailed factual allegations; rather, it must plead 'enough facts to state

7  a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534

8  F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

9  (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The plausibility

10  standard . . . asks for more than a sheer possibility that a defendant has acted

11  unlawfully").  Dismissal is appropriate where the complaint lacks a cognizable legal

12  theory, lacks sufficient facts alleged under a cognizable legal theory, or contains

13  allegations disclosing some absolute defense or bar to recovery.  *See Balistreri v.*

14  *Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. Cnty. of L.A.*, 119

15  F.3d 778, 783 n.1 (9th Cir. 1997).

16  **II.  Amended Complaint.**

17         Although Plaintiff's amended complaint contains more information than her

18  original complaint, it still fails to state a claim upon which relief can be granted.  Plaintiff

19  alleges that the State of Arizona is "not distributing Federal taxes and therefore violating

20  the Complainants Constitutional Rights."  Doc. 8 at 2.  As a basis for jurisdiction,

21  Plaintiff cites the Arizona state constitution, which is not a legitimate basis for

22  jurisdiction in this Court.  *Id.* at 1.  Plaintiff appears to quote at length from a state

23  criminal money laundering statute, but such a statute does not grant her a private right of

24  action in federal court.  *Id.* at 2-3.  Plaintiff fails to set forth any facts justifying her claim,

25  and identifies no cognizable legal theory for this case.

26         Because Plaintiff has failed to state a claim, the Court again will dismiss this

27  action with leave to amend.  The Court warns Plaintiff that a third failure to plead a claim

28  will result in dismissal without leave to amend.

### III.    Leave to Amend and Plaintiff's Obligations.

Plaintiff shall have until **December 23, 2016** to file a second amended complaint. Plaintiff is advised that she must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office.  For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure.  Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought."  Fed. R. Civ. P. 8(a).  These pleading requirements should be set forth in separate and discrete paragraphs.  Rule 8(d) provides that each such paragraph "must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).

The "short and plain statement of the claim" required by Rule 8(a)(2) must not only designate a cause of action, but must also include enough factual allegations to render the claim plausible.  *Iqbal*, 556 U.S. at 677.  If Plaintiff chooses to file a second amended complaint asserting constitutional violations by federal or state officials, her pleading should include a statement of the constitutional rights Plaintiff believes to have been violated, how each right was violated, how each defendant contributed to the violation, and what injury was caused by each alleged constitutional violation.  Such factual allegations must provide enough information to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678.

If Plaintiff fails to prosecute this action or to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).   *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (holding that the district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order).

1    **IV.    Motion to Appoint Pro Bono Counsel.**

2          There is no constitutional right to appointed counsel in a civil case.  *See Ivey v. Bd.*

3    *of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982).  The Court, however,

4    does have the discretion to appoint counsel in "exceptional circumstances."  *See* 28

5    U.S.C. § 1915(e)(1); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Aldabe*

6    *v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980).  "A finding of exceptional circumstances

7    requires an evaluation of both 'the likelihood of success on the merits and the ability of

8    the petitioner to articulate his or her claim *pro se* in light of the complexity of the legal

9    issues involved.'"  *Wilborn*, 789 F.2d at 1331(quoting *Weygant v. Look*, 718 F.2d 952,

10   954 (9th Cir. 1983)); *see  Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988).  "Neither

11   of these factors is dispositive and both must be viewed together before reaching a

12   decision on request of counsel" under § 1915(e)(1).   *Wilborn*, 789 F.2d at 1331.

13         Plaintiff has not demonstrated a likelihood of success on the merits.   While

14   Plaintiff has pointed to financial difficulties she is experiencing, such difficulties do not

15   make her case exceptional.   Accordingly, this case does not present "exceptional

16   circumstances" requiring the appointment of counsel.  *See Terrell v. Brewer*, 935 F.2d

17   1015, 1017 (9th Cir. 1991) (district court did not abuse its discretion by refusing to

18   appoint counsel where the plaintiff had sufficient writing ability and legal knowledge to

19   articulate his claim, the facts alleged and issues raised were not of substantial complexity,

20   and it was not likely that he would succeed on the merits).

21         **IT IS ORDERED:**

22         1.    Plaintiff's amended complaint (Doc. 8) is **dismissed without prejudice**.

23         2.    Plaintiff's motion for appointment of pro bono counsel (Doc. 10) is **denied.**

24         3.    Plaintiff shall have until **December 23, 2016** to file a second amended

25               complaint.

26

27

28

4.      The Clerk of Court shall terminate this action without further order of the Court if Plaintiff fails to file a second amended complaint by **December 23, 2016**.

Dated this 5th day of December, 2016.

_David G. Campbell_

David G. Campbell
United States District Judge